IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IVAN BURTON,

    Petitioner,

v.                                        Case No. 2:03-cv-341
                                             JUDGE MARBLEY
MARGARET BAGLEY              Magistrate Judge KING

    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties.[1]

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**I. FACTS**

This case involves the following facts, as summarized by the Fifth District Court of Appeals:

> On January 2, 2001, Newark Police Officer Doug Bline stopped appellant, Ivan Burton, for speeding. Upon investigation, Officer Bline discovered appellant did not have a valid driver's license. Officer Bline placed appellant in the police cruiser and conducted an inventory search of the vehicle wherein he found crack cocaine inside the glove compartment. On March 2, 2001, the Licking County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C. 2925.11.

---

[1] On February 6, 2004, this action was stayed so that petitioner could exhaust his claim of ineffective assistance of trial counsel. Doc. No. 19. On May 9, 2005, pursuant to petitioner's request, proceedings were reactivated, and on July 11, 2005, respondent filed a second return of writ, identified hereinafter as the "Supplemental Return of Writ." *See* Docs. No. 38, 42.

> On April 12, 2001, appellant filed a motion to suppress, claiming an illegal search. A hearing was held on May 23, 2001. By judgment entry filed August 13, 2001, the trial court denied said motion.
>
> On August 22, 2001, appellant pled no contest to the charge. By judgment entry filed the same date, the trial court found appellant guilty and sentenced him to five years in prison.

Exhibit G to Return of Writ.

## II. PROCEDURAL HISTORY

Petitioner was indicted by the March 1, 2001, term of the Licking County grand jury on possession of crack cocaine, in violation of O.R.C. §2925.11(A)(C)(4)(d). Exhibit A to Return of Writ. On August 22, 2001, while represented by counsel, petitioner pleaded no contest to the charge, and was sentenced to five years incarceration. Exhibit D to Return of Writ. Still represented by the same counsel, petitioner filed a timely appeal of his conviction to the Fifth District Court of Appeals. He asserted the following assignment of error:

> The trial court committed harmful error in denying the motion to suppress filed by the defendant-appellant.

Exhibit E to Return of Writ. On March 7, 2002, the appellate court affirmed the judgment of the trial court. Exhibit G to Return of Writ. Petitioner never filed an appeal of the appellate court's decision. However, on August 6, 2002, proceeding *pro se*, petitioner filed a delayed application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B), and a request for the appointment of counsel. Exhibit H to Return of Writ. On October 11, 2002, the appellate court denied the application as untimely. Exhibit I to Return of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following proposition of law:

> A defendant is denied the state and federal constitutional right to the effective assistance of counsel on appeal when appellate counsel fails to raise reversible error and argues the wrong topic in an appellate

2

brief.

Exhibit J to Return of Writ. On January 29, 2003, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. Exhibit K to Return of Writ.

On February 4, 2004, after petitioner filed the instant petition for a writ of habeas corpus, and proceedings were stayed, petitioner filed a *pro se* delayed post conviction petition in the state trial court in which he asserted the ineffective assistance of trial and appellate counsel. Exhibit L to Supplemental Return of Writ. On March 15, 2004, the trial court denied the petition as untimely. Exhibit N to Supplemental Return of Writ. Petitioner filed a timely appeal of the trial court's decision to the Fifth District Court of Appeals. Petitioner asserted as follows:

> The trial court committed reversible error in summarily dismissing appellant's claim for post conviction relief without first conducting an evidentiary hearing as required by R.C. §2953.21(E).

Exhibit O to Supplemental Return of Writ. On October 6, 2004, the appellate court affirmed the trial court's dismissal of the petition as untimely. Supplemental Exhibit R to Return of Writ. Petitioner never filed a timely appeal to the Ohio Supreme Court. It appears from the record before this Court, however, that on December 27, 2004, he filed a motion for delayed appeal, which motion was granted, Exhibits S and T to Supplemental Return of Writ,[2] despite the fact that Ohio does not permit delayed appeals in post conviction actions. *See* Ohio Supreme Court Rule of Practice II, Section 2(A)(4):

> (a) In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being

---

[2] Petitioner asserted as cause for his untimely filing that prison officials had failed to mail his appeal to the Ohio Supreme Court in a timely manner. Exhibit S to Return of Writ.

> appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the court of appeals opinion and the judgment entry being appealed shall be attached to the motion.
>
> (b) The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to *State v. Murnahan* (1992), 63 Ohio St. 3d 60, and App. R. 26(B). The Clerk shall refuse to file motions for delayed appeal involving postconviction relief.

Nonetheless, on March 22, 2005, the Ohio Supreme Court *sua sponte* dismissed petitioner's appeal because he failed to file a memorandum in support of jurisdiction. Exhibit U to Supplemental Return of Writ. It appears that petitioner later attempted again to file a motion for delayed appeal with the Ohio Supreme Court; however, on April 7, 2005, the Clerk of the Ohio Supreme Court refused to file the documents, and advised petitioner that delayed appeals were not permitted in post conviction proceedings under Ohio law. *See Exhibit* to Motion to Reopen, Doc. No. 37.

On April 15, 2003, petitioner filed the instant *pro se* federal habeas corpus petition pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> Denial of effective assistance of counsel both on the trial and appellate level as secured by the Sixth Amendment to the Constitution of the United States.

It is the position of the respondent that both of petitioner's claims are procedurally defaulted. For the reasons that follow, this Court agrees.

### III.  PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to

4

the state courts for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). But if, because of a procedural default, the petitioner can no longer present his claims to the state courts, then he has also waived those claims for purposes of federal habeas corpus review, unless he can demonstrate both cause for the procedural default, as well as actual prejudice from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must decide that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Petitioner presented his claim of ineffective assistance of appellate counsel in a delayed

application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B). Exhibit H to Return of Writ. However, the state appellate court explicitly denied the application for failure to show good cause for the untimely filing:

> This matter is before the Court upon appellant's application for reopening of his direct appeal pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, and motion for appointment of counsel.
>
> Pursuant to App.R. 26(B), an application for reopening shall be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." The appellate judgment herein was filed on March 7, 2002. Appellant filed his application for reopening on August 6, 2002, well outside the ninety day time period. Upon review, we find no showing of good cause for the late filing. App.R. 26(B)(2)(b).

Exhibit I to Return of Writ. Similarly, petitioner presented his claim of ineffective assistance of trial counsel in a delayed petition for post conviction relief pursuant to O.R.C. §2953.21.[3] Exhibit L to Supplemental Return of Writ. However, the state appellate court explicitly refused to address the merits of petitioner's claim due to his untimely filing:

> On February 5, 2004, appellant filed a Post-Conviction Petition with a request for a hearing. The State filed a response thereto. The trial court conducted a non-oral hearing on the petition. Via Judgment Entry filed March 15, 2004, the trial court denied appellant's petition, finding it was not timely filed.
>
> It is from this judgment that appellant appeals....
>
> \*\*\*
>
> Herein, appellant maintains the trial court erred in summarily

---

[3] Petitioner was represented by the same attorney at trial and on direct appeal, and therefore such claim was properly raised in post conviction rather than on direct appeal. *See State v. Lentz*, 70 Ohio St.3d 527 (1994); *State v. Cole,* 2 Ohio St.3d 112, 114 (1982); *State v. Carter*, 36 Ohio Misc. 170 (1973).

6

> dismissing his petition for post-conviction relief without conducting an evidentiary hearing. We disagree.
>
> R.C. 2953.21(A)(2) provides, as follows:
>
> "(A)(2)*** a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."
>
> The transcript in appellant's direct appeal was filed on September 27, 2001. Accordingly, appellant had 180 days from that date in which to file a petition for post-conviction relief. Appellant did not file his petition until February, 2004. Because appellant did not file his petition within the statutorily prescribed time period, we find the trial court did not err in denying his petition.

Exhibit R to Supplemental Return of Writ. Further, petitioner failed to file a timely appeal of the appellate court's decision to the Ohio Supreme Court, and his delayed appeal was dismissed for failing to file a memorandum in support of jurisdiction:

> This cause is pending before the Court as a discretionary appeal and claimed appeal of right. It appears from the records of the Court that the appellant has not filed a memorandum in support of jurisdiction, due March 18, 2005, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with requisite diligence. Upon consideration thereof,
>
> IT IS ORDERED by the Court that this cause be, and hereby is, dismissed *sua sponte*.

Exhibit U to Supplemental Return of Writ. In view of the foregoing, this Court deems the first and second part of *Maupin* to have been met as to both of petitioner's claims of ineffective assistance of counsel.

    This Court must next decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims.

This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring petitioner's claims constitute adequate and independent state grounds for denying relief. Petitioner failed to present his claims to the state courts in a timely manner. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The time limitations for filing appeals in post conviction proceedings serve the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity.

This Court concludes that petitioner has waived his right to present his claims of ineffective assistance of counsel for federal habeas corpus review. Petitioner can still secure review of his claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. Petitioner has failed to demonstrate either cause for his procedural default or actual prejudice resulting from the alleged constitutional violation.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to be such a case.

## IV.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings

or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 28, 2005                                              *s/Norah McCann King*
                                                              Norah McCann King
                                                       United States Magistrate Judge