**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**IVAN BURTON,**

      **Petitioner,**

  **v.**                           **Case No. 2:03-cv-341**
                                       **JUDGE MARBLEY**

**MARGARET BAGLEY**            **Magistrate Judge KING**

      **Respondent.**


**OPINION AND ORDER**

On July 8, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the *Report and Recommendation*. Petitioner objects to all of the Magistrate Judge's recommendations.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For the reasons discussed in the Magistrate Judge's *Report and Recommendation*, the Court overrules petitioner's objections.

The *Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**. This case is **DISMISSED.**

Petitioner has also filed a request for a certificate of appealability. For the reasons that follow, petitioner's request is **DENIED**.

In this federal habeas corpus petition, petitioner asserted as follows:

> Denial of effective assistance of counsel both on the trial and appellate level as secured by the Sixth Amendment to the Constitution of the United States.

All of petitioner's claims were dismissed as procedurally defaulted.  Where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 120 S.Ct. 1595 (2000).  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  The court may first "resolve the issue whose answer is more apparent from the record and arguments."  *Id.*

The Court concludes that petitioner has failed to establish either that reasonable jurists could debate whether the Court was correct in its dismissal of this action or whether the petition states a valid claim of the denial of a constitutional right.  *Id.*

Petitioner's request for a certificate of appealability therefore is **DENIED**.

Petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED AND AFFIRMED**.  This case is **DISMISSED.**

**IT IS SO ORDERED**.


*s/Algenon L. Marbley*
ALGENON L. MARBLEY
United States District Judge

2